# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CLARKE, for himself and all others similarly situated, | Civil Action No. 17-1915 (SRC) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| FLIK INTERNATIONAL CORP. and COMPASS GROUP USA, INC., | |
| Defendants. | |

**CHESLER**, District Judge

      This matter comes before this Court on the motion by Defendants Flik International Corp. ("Flik") and Compass Group USA, Inc. ("Compass") (collectively "Defendants") for a protective order, in particular, an order which would direct counsel for Plaintiff James Clarke ("Plaintiff" or "Clarke") to revise its website insofar as the website publishes information concerning this action. Plaintiff has opposed the motion. The Court has reviewed the parties' submissions and proceeds to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendants' motion [ECF 45] will be granted.

    **I.    BACKGROUND**

      The facts of this Fair Labor Standards Act ("FLSA") case are well-known to the parties and have been set forth in more detail in the Court's earlier Opinion. Thus, the background on which this motion is based will summarized briefly.

1

Plaintiff filed this FLSA action as a putative collective action, under FLSA Section 216(b), seeking recovery for (1) unpaid wages for alleged off-the-clock work performed by Clarke and other similarly situated employees and (2) uncompensated travel time and expenses. Thereafter, Plaintiff sought conditional certification from the Court for the purpose of sending out Court-approved notice of this action to other potential plaintiffs who may wish to opt in to the lawsuit. Plaintiff's motion for conditional certification was granted in part and denied in part by Order of August 16, 2018. On that same date, the Court issued an accompanying Opinion that delineated the scope of the action which could proceed as a collective action and set forth the requirements for dissemination of notice of the litigation to prospective class members. The Opinion was clear that the notice must be tailored to the claims and group of potential opt-in plaintiffs falling within the scope of the certification.

The Court was also clear about the portion of the putative collective action brought by Clarke which did not meet the standard for Court-approved notice pursuant to the FLSA's conditional certification provision, Section 216(b), and Third Circuit authority on that provision. In particular, the Court rejected Plaintiff's attempt to certify a nationwide class of Flik food service employees, finding that Plaintiff's demonstration of employees who are similarly situated to him consisted only of those who have worked under certain job titles in the Flik cost center for Bayer located in Whippany, New Jersey. The Court also rejected Plaintiff's attempt to certify a collective action lawsuit based on Defendants' allegedly unlawful policies, which Plaintiff maintains have created of facilitated a system of off-the-clock work by Defendants' employees. In addition, the Court found that Plaintiff had not demonstrated that the portion of his FLSA claim related to allegedly unpaid work-related travel warranted conditional certification.

Plaintiff's counsel proceeded to disseminate notice of this litigation to others who may wish to join the collective action. The method of communicating to prospective opt-ins has included publication of information related to this suit on the website belonging to Stephan Zouras LLP, the law firm representing Plaintiff Clarke. Defendants have moved for this protective order on the grounds that the information published on the website contains misleading information about the instant lawsuit and includes references beyond the scope of the notice approved by the Court, for example to companywide policies resulting in off-the-clock work and to the law firm's investigation into possible wage violations at "other Flik and Compass locations" which number "hundreds of locations nationwide." (Kaufman Decl., Ex. J; Pl. Opp., Ex. A.)

## II. DISCUSSION

In moving for conditional certification, Plaintiff invoked the Court's power to assist with providing notice to potential litigants who may wish to join this lawsuit. By doing so, Plaintiff and his counsel subjected themselves to the reasonable limitations imposed by the Court on Plaintiff's communications to notify others of this lawsuit and to solicit eligible individuals to opt in to this collective action. When this Court approved the notice that Plaintiff was permitted to send to possible opt-in plaintiffs, the terms of that notice, by implication, applied to the substance of all other efforts by Plaintiff and/or his counsel to solicit participation in this action. The Court has no doubt regarding its authority to require that Plaintiff's notice to potential opt-ins as well as his communications related to this collective action be reasonably restricted and tailored to the class and claims which have been conditionally certified. Hoffman-LaRoche v. Sperling, 493 U.S. 165, 171-173 (1989) (applying, in an FLSA collective action, the principles articulated in Gulf Oil with regard to a district court's duty to govern the conduct of counsel and

parties and stressing the importance of notice to putative collective members); Gulf Oil Co. v. Bernard, 452 U.S. 89, 101-02 (1981) (holding that "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties."); see also Katz v. DNC Servs. Corp., 275 F. Supp. 3d 579, 582-83 (E.D. Pa. 2017) (holding that a court may impose reasonable limitations on communication between parties and putative class members, particularly where counsel's statements are misleading); Jones v. Casey's General Stores, 517 F. Supp. 2d 1080, 1088-89 (S.D. Iowa 2007) (ordering modification of counsel's website *prior* to conditional certification under FLSA Section 216(b), reasoning that the court has "relatively broad discretion in limiting communications with putative collective members when such communications cross the boundaries of propriety" and that misleading communications "could easily have the effect of tainting the entire putative class and jeopardizing [the] entire litigation."); Maddox v. Knowledge Learning Corp., 499 F. Supp. 2d 1338, 1343-44 (N.D. Ga. 2007) (holding, in an FLSA collective action, that a court has authority to place reasonable limitations on court-facilitated notice to potential opt-in plaintiffs and that a need for limitations exists where the statements made "are factually inaccurate, unbalanced, or misleading.").

 It is apparent to the Court that the information concerning this lawsuit published on the Stephan Zouras website does not conform in numerous respects to the limitations which the Court set forth in its August 16, 2018 ruling on Plaintiff's motion for conditional certification. The Court is satisfied that Defendants are indeed entitled to a protective order limiting the information contained on any page or portion of the Stephan Zouras website which pertains to this lawsuit. In particular, any reference on the website to claims which the Court has refused to

certify as part of this collective action is inappropriate and potentially confusing to individuals who may be considering whether or not to join the lawsuit.

Plaintiff's counsel is therefore directed to consult with counsel for Defendants concerning the revision of the Stephan Zouras website content to conform to this Court's grant of conditional certification and related approval of notice of this collective action to prospective opt-ins. Plaintiff's counsel is further directed to submit to the Court, within ten days of the date of this Opinion and Order, a draft of proposed website content that the parties agree is in compliance with this Order and the Court's prior Opinion and Order of August 16, 2018. To the extent there is any dispute between the parties as to whether any particular content complies with the Court's directives, the parties may submit one joint two-page letter specifying the disagreement and setting forth each party's position.

So Ordered.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: November 19, 2018