DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CLARKE *on behalf of himself and all other employees similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> FLIK INTERNATIONAL CORP. and COMPASS GROUP USA, INC., <br><br> Defendants. | Civil Action No. 17-cv-1915(SRC-CLW) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement ("Stipulation" or "Settlement Agreement") is entered into between Named Plaintiff James Clarke ("Clarke") and Opt-in Plaintiffs Martha Abeel ("Abeel"), Virgil Hill ("Hill"), Paola Patino ("Patino"), Catalina Paula ("Paula"), Dayhana Santana ("D. Santana"), and Luis Santana Junior ("L. Santana") (collectively, "Plaintiffs"), and Defendants Flik International Corp. (k") and Compass Group USA, Inc. ("Compass") (collectively, "Defendants"; Plaintiffs and Defendants are together referred to as the "Parties"), by and through their undersigned attorneys to fully and completely settle *Clarke v. Flik International Corp. and Compass Group USA, Inc.*, No. 17-cv-1915 (SRC-CLW) (the "Wage-Hour Lawsuit").

1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

**WHEREAS,** in the Wage-Hour Lawsuit, Plaintiffs have asserted a cause of action, claim, or demand based on alleged violations of the Fair Labor Standards Act, 29 U.S.C. § § 201, *et. seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.Stat. Ann. § 34:11-56a, *et seq.* and N.J.A.C. 12:56-5.1 *et seq.* ("NJWHL"), including, but not limited to, the failure to pay proper overtime pay and failure to pay for all hours worked as a result of alleged off-the-clock work pre-shift, post-shift, and during meal breaks, and the failure to properly reimburse for travel expenses;

**WHEREAS**, Named Plaintiff brought the Wage-Hour Lawsuit as a putative collective action under the FLSA and a putative Rule 23 class action under the NJWHL;

**WHEREAS**, Defendants deny that they have committed any wrongdoing or violated any federal, state, or local laws, vigorously dispute the claims asserted in the Wage-Hour Lawsuit, and continue to assert that they have strong and meritorious defenses to such claims;

**WHEREAS**, Defendants deny that the Wage-Hour Lawsuit is properly maintained as either a collective action or a class action;

**WHEREAS**, on May 2, 2018, Named Plaintiff filed a Conditional Certification on behalf of a putative nationwide class (Dkt. 35), and, on August 16, 2018, the Court granted, in part, and denied, in part, Named Plaintiff's

FP 36749386.1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

Conditional Certification Motion, rejecting Named Plaintiff's request for a nationwide class and only granting a class at the Whippany, NJ location at which Plaintiff worked (Dkt. 41);

**WHEREAS**, notice of the Wage-Hour Lawsuit was distributed to the putative class on October 1, 2018, and putative class members were given until December 1, 2018 to opt-in to the Wage-Hour Lawsuit (the "Opt-In Period");

**WHEREAS**, the Opt-In Plaintiffs opted-in to the Wage-Hour Lawsuit during the Opt-In Period (except for Catalina Paula, who opted in to the Wage-Hour Lawsuit on December 10, 2018);

**WHEREAS**, an evidentiary hearing on Defendants' Motion for Sanctions against Plaintiff was held on October 2, 2019, after which the Parties met with Judge Chesler in order to assist with potential settlement;

**WHEREAS,** the Parties have agreed that in order to avoid the expense and burdens of further litigation and after substantial, arms-length settlement negotiations with the assistance of Judge Chesler, the Parties desire to resolve and settle the Wage-Hour Lawsuit, including releasing all wage and hour claims and charges against Defendants that could have been brought in the Wage-Hour Lawsuit, including those claims concerning or relating to alleged unpaid wages and overtime, upon the terms and conditions more fully set forth below.

3

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

## IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED,

by and among Plaintiffs and Defendants, subject to the final approval of the Court, that this Wage-Hour Lawsuit shall be settled and dismissed, on the merits and with prejudice and the released claims, set forth in Paragraph 4, shall be finally and fully compromised and settled in the manner and upon the terms and conditions hereafter set forth:

1. **Process for Approval of Settlement.** After receipt of the complete and fully executed Settlement Agreement, the Parties shall jointly submit to the Court all papers necessary to obtain final approval of this Settlement.

2. **Payment of Settlement Proceeds.** In consideration of the execution of this Settlement Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that this Wage-Hour Lawsuit is settled and resolved for the total gross amount of Fifty Five Thousand Dollars ($55,000.00), inclusive of Plaintiffs' Counsels' attorneys' fees, expenses and costs ("Gross Settlement Amount"). Plaintiffs acknowledge that the Gross Settlement Amount is sufficient and adequate consideration in exchange for Plaintiffs' promises, releases and covenants as set forth below.  The Parties agree that, except as otherwise provided in this Paragraph, the Parties will each bear their own attorneys' fees

FP 36749386.1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

and costs incurred as a result of the Wage-Hour Lawsuit and this Settlement, and that neither of the Parties owes the other fees or costs.

Within twenty-one (21) days of the Effective Date of this Settlement Agreement, or the date upon which Defendants' Counsel receives Plaintiffs' executed tax forms and proof of a child support judgment search, whichever is later, Defendants shall deliver to Plaintiffs' Counsel, James B. Zouras, Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, IL 60606, the following Settlement Payments:

a. A check made payable to James Clarke in the gross amount of Three Thousand Eight Hundred Seventy Nine Dollars and Zero Cents ($3,879.00), less applicable federal, state, and local taxes and withholdings an employer is required to make in connection with the payment of wages or other employment compensation, to compensate Clarke for alleged lost wages, which amount will be reported for tax purposes on a U.S. Internal Revenue Service ("IRS") Form W-2;

b. A check made payable to James Clarke in the gross amount of Three Thousand Eight Hundred Seventy Nine Dollars and Zero Cents ($3,879.00), to compensate Clarke for alleged liquidated

FP 36749386.1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

damages, and which amount will be reported for tax purposes on an IRS Form 1099;

c.  A check made payable to Paul Patino in the gross amount of Six Hundred Eighty One Dollars and Fifty Cents ($681.50), less applicable federal, state, and local taxes and withholdings an employer is required to make in connection with the payment of wages or other employment compensation, to compensate Patino for alleged lost wages, which amount will be reported for tax purposes on an IRS Form W-2;

d.  A check made payable to Paul Patino in the gross amount of Six Hundred Eighty One Dollars and Fifty Cents ($681.50), to compensate Patino for alleged liquidated damages, and which amount will be reported for tax purposes on an IRS Form 1099;

e.  A check made payable to Luis Santana in the gross amount of Five Hundred Twenty Four Dollars and Fifty Cents ($524.50), less applicable federal, state, and local taxes and withholdings an employer is required to make in connection with the payment of wages or other employment compensation, which amount will be reported for tax purposes on an IRS Form W-2;

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

f.  A check made payable to Luis Santana in the gross amount of Five Hundred Twenty Four Dollars and Fifty Cents ($524.50), to compensate L. Santana for alleged liquidated damages, and which amount will be reported for tax purposes on an IRS Form 1099;

g.  A check made payable to Dayhana Santana in the gross amount of Nine Hundred Fifty Five Dollars and Zero Cents ($955.00), less applicable federal, state, and local taxes and withholdings an employer is required to make in connection with the payment of wages or other employment compensation, to compensate D. Santana for alleged lost wages, which amount will be reported for tax purposes on an IRS Form W-2;

h.  A check made payable to Dayhana Santana in the gross amount of Nine Hundred Fifty Five Dollars and Zero Cents ($955.00), to compensate D. Santana for alleged liquidated damages, and which amount will be reported for tax purposes on an IRS Form 1099;

i.  A check made payable to Virgil Hill in the gross amount of Two Thousand Five Hundred Seventeen Dollars and Fifty Cents ($2,517.50), less applicable federal, state, and local taxes and withholdings an employer is required to make in connection with

FP 36749386.1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

the payment of wages or other employment compensation, which amount will be reported for tax purposes on an IRS Form W-2;

j. A check made payable to Virgil Hill in the gross amount of Two Thousand Five Hundred Seventeen Dollars and Fifty Cents ($2,517.50), to compensate Hill for alleged liquidated damages, and which amount will be reported for tax purposes on an IRS Form 1099;

k. A check made payable to Martha Abeel in the gross amount of Four Thousand One Hundred Fifty Dollars and Fifty Cents ($4,150.50), less applicable federal, state, and local taxes and withholdings an employer is required to make in connection with the payment of wages or other employment compensation, which amount will be reported for tax purposes on an IRS Form W-2;

l. A check made payable to Martha Abeel in the gross amount of Four Thousand One Hundred Fifty Dollars and Fifty Cents ($4,150.50), to compensate Abeel for alleged liquidated damages, and which amount will be reported for tax purposes on an IRS Form 1099;

m. A check made payable to Catalina Paula in the gross amount of Three Thousand Five Hundred Nine Dollars and Fifty Cents ($3,509.50), less applicable federal, state, and local taxes and

8

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

withholdings an employer is required to make in connection with the payment of wages or other employment compensation, which amount will be reported for tax purposes on an IRS Form W-2;

n. A check made payable to Catalina Paula in the gross amount of Three Thousand Five Hundred Nine Dollars and Fifty Cents ($3,509.50), to compensate Paula for alleged liquidated damages, and which amount will be reported for tax purposes on an IRS Form 1099;

o. A check made payable to Stephan Zouras, LLP in the gross amount of Twenty Two Thousand Five Hundred Sixty Five Dollars ($22,565.00), representing attorneys' fees ($19,000.00) and costs ($3,565.00).   Such fees shall be apportioned among Plaintiffs on a pro rata basis according to their shares of the Gross Settlement Amount. This amount will be reported for tax purposes on an IRS 1099 Form.

Stephan Zouras, LLP will provide to Defendants' Counsel proof of a child support judgment search for Plaintiffs, and the appropriate executed tax forms in order for Defendants to effectuate payment to Plaintiffs and Plaintiffs' Counsel pursuant to this Paragraph.   Defendants' Counsel's receipt of such proof of child support judgment search and executed tax forms is a necessary

FP 36749386.1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

condition to Defendants effectuating payment. Plaintiffs understand and agree that Defendants are providing them with no tax or legal advice, and make no representations regarding tax obligations or consequences, if any, related to this Settlement Agreement. Plaintiffs agree that they will each be solely responsible for any and all taxes payable by any of them with respect to the payments issued on a Form 1099. Notwithstanding the foregoing, if any claim is asserted against Defendants or any of the Released Parties, by any taxing authority with respect to the payments provided for herein, Plaintiffs shall each hold harmless and indemnify Defendants and any of the Released Parties identified in this Agreement from any cost, loss, liability, expense, fine and penalty, and attorneys' fees arising from any of the payments set forth herein and/or the extent of withholdings from same; provided, however, that Plaintiffs shall bear no responsibility for or in connection with the failure of Defendants to make any employer's contributions to payroll taxes. In addition, Plaintiffs shall each hold harmless and indemnify Defendants and any of the Released Parties from any cost, loss, liability, expense, fine and penalty, and attorneys' fees concerning any and all claims by any person concerning child support obligations of each Plaintiff that were not satisfied from the proceeds paid pursuant to this Settlement Agreement.

FP 36749386.1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

3.      **Settlement Payments Do Not Trigger Additional Benefits.** All payments to Plaintiffs shall be deemed to be paid solely in the year in which such payments actually are received by the Plaintiffs. The Parties agree and Plaintiffs acknowledge that the payments provided for in this Settlement Agreement are the sole payments to be made to the Plaintiffs and that the Plaintiffs are not entitled to any new or additional compensation or benefits as a result of having received the payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

4.      **Waiver and Release of Claims against Defendants.** Plaintiffs, in consideration of the Settlement Payment set forth in Paragraph 2, the sufficiency of which Plaintiffs hereby acknowledge, forever, irrevocably, and unconditionally waive, release and forever discharge Defendants, their current, former, and future owners, directors, officers, members, managers, employees, agents, attorneys, and all current, former, and future parent companies, subsidiaries, affiliates, related companies, joint ventures, partners, predecessors, shareholders, insurers, heirs, executors, administrators, beneficiaries, trustees, successors, and assigns (and the current, former, and future owners, directors, officers, members, managers, employees, agents, and attorneys of such parent companies, subsidiaries, affiliates, related companies,

11

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

joint ventures, partners, predecessors, shareholders, insurers, heirs, executors, administrators, beneficiaries, trustees, successors, and assigns), and all persons acting by, through, under, or in concert with any of them, in their individual or representative capacities (Defendants and the foregoing other persons and entities are hereinafter defined separately and collectively as the "Released Parties") from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, related to Plaintiffs' wages or hours during his/her employment with Defendants or any agreement concerning wages or hours during such employment or the termination of such employment, which Plaintiffs or Plaintiffs' heirs, executors, administrators, successors, and assigns ever had, now have, or could, may, or would have for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of the respective Plaintiffs' execution of this Settlement Agreement, including, but not limited to, any and all wage and hour claims, any claim for unpaid wages or overtime pursuant to the FLSA, NJWHL, or New Jersey Wage Payment Act ("NJWPA"), any claim for failure to pay for off-the-clock work, any claim for failure to reimburse for travel expenses, any claim for retaliation pursuant to the FLSA, NWHL, or NJWPA, any claim that was asserted in the Wage-Hour

12

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

Lawsuit, and any and all claims for monetary recovery from a waived claim, whether brought in a lawsuit or by an administrative agency, including, but not limited to, back pay, front pay, loans, liquidated, compensatory, and punitive damages, and attorneys' fees, experts' fees, disbursements, and costs.

Plaintiffs promise never to file, participate in, or prosecute a lawsuit asserting any claims that are released by this Settlement Agreement. Plaintiffs further agree not to voluntarily participate in any lawsuit brought by any other employee or former employee against the Released Parties regarding claims released pursuant to this Settlement Agreement.

5. **Scope of Waiver of Claims.** Nothing in this Settlement Agreement shall constitute a waiver of any rights to enforce the terms of this Settlement Agreement or waiver of claims that cannot be legally waived or of claims that arise after the date this Settlement Agreement is executed.

6. **Settlement Contingent on Court Approval.** This Settlement Agreement is contingent upon: (i) each Party executing this Settlement Agreement; and (ii) the Court's final approval of the Settlement. This Settlement Agreement will become effective the day both such conditions are met (the "Effective Date"). If the Court refuses to grant final approval of the Settlement, this Settlement Agreement may be voided at either Party's option, in which case this Settlement Agreement will become void and will not be used

FP 36749386.1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

for any purpose in connection with any further litigation in the Wage-Hour Lawsuit or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint. If the Court seeks to modify or strike Paragraph 7, the Parties agree to discuss whether to adopt any blue-line pencil edits into the Settlement Agreement.

7.   **No Publicity.**

a.   No Party or their counsel will, directly or indirectly, contact or communicate with the media or utilize any social media regarding the terms of this Settlement.

b.   If contacted regarding this Settlement, the response by either Party or their counsel can be "no comment" or be limited solely to words to the following effect: "The matter has been resolved." Upon settlement payment received, Plaintiffs' Counsel confirms that they will not upload (and will remove, if necessary) any reference from their website and any promotional material about the Wage-Hour Lawsuit.

c.   Nothing in this Settlement Agreement shall prevent Defendants from filing any required regulatory disclosures regarding the Wage-Hour Lawsuit, or complying with its obligations under the law.

FP 36749386.1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

d.      Counsel for the Parties will promptly notify opposing counsel of any third-party demand that they disclose information pertinent to this Settlement.

8.      **Mutual Full Cooperation.** The Parties will fully cooperate with each other and with the Court to accomplish the terms of this Settlement Agreement, including but not limited to, the preparation and execution of documents necessary to implement this Settlement Agreement. The Parties will use their best efforts to effectuate this Settlement Agreement, including during any appeals, and will use their best efforts to obtain the Court's final approval of the Settlement and to defend the Settlement from any legal challenge.

9.      **Complete Agreement.** No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Agreement, which contains the entire, complete, and integrated statement of all Settlement terms and supersedes all previous oral or written agreements. This Settlement Agreement may not be amended or modified except by a writing signed by the Parties' authorized representatives, provided any such amendment or modification is not contrary to law or an order of the Court.

FP 36749386.1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

10.    **Notifications and Communications.**  Any notifications or communications made in connection with this Settlement Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

Seth D. Kaufman                             David J. Cohen
Fisher & Phillips LLP                       Stephan Zouras, LLP
The New York Times Building                 604 Spruce Street
620 Eighth Avenue, 36th Floor               Philadelphia, PA 19106
New York, NY 10018                          *Attorney for Plaintiffs*
*Attorney for Defendants*

11.    **No Admission of Liability and No Concession as to the Merits.**

Defendants deny that they violated the law in any manner alleged in or related to the Wage-Hour Lawsuit. Each Plaintiff acknowledges and agrees that the payments made pursuant to this Settlement Agreement are not to be construed as an admission of liability on the part of Defendants or any Released Party identified in this Agreement. The Parties enter into this Settlement Agreement to avoid the risks, uncertainty, expense and burden of further litigation. This Settlement shall not be construed or deemed to be an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of Defendants; or (ii) is

16

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

or may be deemed to be or may be used as an admission or evidence of any liability, fault or omission of Defendants in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal in which Defendants are or become a party, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or the final Order of the Court.

12.  **Waiver.** The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. No rights under this Settlement may be waived except in writing and signed by the waiving Party.

13.  **Miscellaneous.** This Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or such Party's counsel participated in the drafting of the Settlement. This Stipulation constitutes the entire agreement among these Parties, and no representations, warranties or inducements have been made to the Parties concerning this Stipulation, other than the representations, warranties and covenants contained and memorialized in such documents.

14.  **Execution In Counterparts.** This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be

FP 36749386.1

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

deemed to be one and the same instrument. Fax or .pdf signatures shall be deemed original copies for the purposes of this Settlement Agreement.

15.    **Binding Effect.** This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto.

16.    **Governing Law.** This Stipulation shall be governed by and construed in accordance with the laws of the State of New Jersey, without regard to choice of law principles. The United States District Court for the District of New Jersey and Judge Stanley R. Chesler shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Stipulation or any of its terms. All parties to this Stipulation shall be subject to the jurisdiction of the United States District Court for the District of New Jersey and Judge Chesler for all purposes related to this Stipulation.

17.    **Headings.** The Paragraph headings in this Settlement Agreement are for the convenience of reference only, do not constitute a part of this Settlement Agreement, and shall not be deemed to limit or affect any provision hereof

18.    **Knowing and Voluntary Agreement.** The Parties enter into this Settlement Agreement knowingly, voluntarily, and with full knowledge of its significance. The Parties have not been coerced, threatened, or intimidated into signing this Settlement Agreement, have been given a reasonable time to

18

DocuSign Envelope ID: 48DCC454-DAD1-4F31-A2F9-19E32BF049FE

consider this Settlement Agreement, and have consulted with legal counsel regarding the Settlement Agreement.

19.    **Severability.** After the Court has granted final approval of the Settlement Agreement, if any part of this Settlement Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, with the exception of the Release of Claims in Paragraph 4, above, such finding shall not affect the validity of any other part of this Settlement Agreement, which shall be construed, reformed, and enforced to affect the purposes thereof to the fullest extent permitted by law.

**For Defendants:**                          **For Claimants:**

DocuSigned by:

*Jan Los*

60EAA5FBD1FA4FA...

Name: ___Jan Los_____

Title: ___Chief Financial Officer___

Date: ___12/16/2019_____

_____
James Clarke

Date: _____

_____
Paula Patino

Date: _____

_____
Luis Santana

19

DocuSign Envelope ID: A6D11AA8-FDE9-464D-917B-C79B56F85073

consider this Settlement Agreement, and have consulted with legal counsel regarding the Settlement Agreement.

19.     **Severability.** After the Court has granted final approval of the Settlement Agreement, if any part of this Settlement Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, with the exception of the Release of Claims in Paragraph 4, above, such finding shall not affect the validity of any other part of this Settlement Agreement, which shall be construed, reformed, and enforced to affect the purposes thereof to the fullest extent permitted by law.

**For Defendants:**

_____

Name:_____

Title: _____

Date: _____

**For Claimants:**

DocuSigned by:
*James Clarke*
F9C0F81028434C3...
_____

James Clarke

Date: ___1/9/2020_____

_____

Paola Patino

Date: _____

DocuSign Envelope ID: 8B6377C2-F4DE-4362-A503-21E18F913939

consider this Settlement Agreement, and have consulted with legal counsel regarding the Settlement Agreement.

19.    **Severability.** After the Court has granted final approval of the Settlement Agreement, if any part of this Settlement Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, with the exception of the Release of Claims in Paragraph 4, above, such finding shall not affect the validity of any other part of this Settlement Agreement, which shall be construed, reformed, and enforced to affect the purposes thereof to the fullest extent permitted by law.

**For Defendants:**

**For Claimants:**

_____

_____
James Clarke

Name:_____

Date: _____

Title: _____

Date: _____

_____
Paola Patino

Date: _____         1/7/2020

FP 36749386.1

DocuSign Envelope ID: D149B98A-D3C9-49FE-AA17-6E9105F276B3

Luis Santana

Date: 1/22/2020 _____


_____

Dayhana Santana

Date: _____


_____

Virgil Hill

Date: _____


_____

Martha Abeel

Date: _____


_____

Catalina Paula

Date: _____

20

DocuSign Envelope ID: 7F114A25-5774-42F5-BC2C-13E4EB434559

_____

Luis Santana

Date: _____

_____

Dayhana Santana

Date: _____        1/22/2020

_____

Virgil Hill

Date: _____

_____

Martha Abeel

Date: _____

_____

Catalina Paula

Date: _____

20

DocuSign Envelope ID: 6382A9CE-1C80-40AA-881E-7DD9D5E72D59

_____

Luis Santana

Date: _____


_____

Dayhana Santana

Date: _____


_____
Virgil Hill

Date: 1/2/2020 _____


_____

Martha Abeel

Date: _____


_____

Catalina Paula

Date: _____

20

DocuSign Envelope ID: 9274ED39-9F0D-49A4-9D66-CF603E4C5430

_____

Luis Santana

Date: _____

_____

Dayhana Santana

Date: _____

_____

Virgil Hill

Date: _____

DocuSigned by:

_Martha Abeel_

476B7581685A487...

_____

Martha Abeel

1/8/2020

Date: _____

_____

Catalina Paula

Date: _____

20

DocuSign Envelope ID: 9E9B9970-3666-438A-AF95-0265F4AD8EF8

_____

Luis Santana

Date: _____


_____

Dayhana Santana

Date: _____


_____

Virgil Hill

Date: _____


_____

Martha Abeel

Date: _____


_____

Catalina Paula

Date: _____1/23/2020_____

20