UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JAMES CLARKE, for himself and all others similarly situated,

        Plaintiff,

v.

FLIK INTERNATIONAL CORP. and COMPASS GROUP USA, INC.,

        Defendants.

Civil Action No. 17-1915 (SRC)

OPINION

---

**CHESLER**, District Judge

    This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., as well as the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a), et seq. ("NJWHL"). On August 18, 2018, the Court conditionally certified an FLSA collective action class pursuant to 29 U.S.C. § 216(b). On or about October 2, 2019, the parties reached a settlement in principle of their claims. Now before the Court is the joint motion for approval of the settlement between named Plaintiff James Clarke ("Clarke") and six opt-in Plaintiffs[1] (collectively "Plaintiffs") and Defendants Flik International Corp. ("Flik") and Compass Group USA, Inc. ("Compass") (collectively "Defendants"). Although Third Circuit precedent is silent on the matter of judicial approval of FLSA settlements, district courts in this jurisdiction abide by the principle that settlement of collective action FLSA claims under 29 U.S.C. § 216(b)

---

[1] The individuals who consented to join this action are as follows: Martha Abeel, Virgil Hill, Paola Patino, Catalina Paula, Dayhana Santana and Luis Santana.

1

requires court approval. See Jones v. SCO, Silver Care Operations LLC, No. 13-7910, 2019 WL 2022371, at *1 (D.N.J. May 8, 2019); see also Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at * 3 (M.D. Pa. Jan. 22, 2015) ("Although the Third Circuit has not addressed whether [FSLA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary.").

The Court will briefly set forth the case background. On March 23, 2017, Clarke initiated this lawsuit on behalf of himself and other similarly situated food service associates employed by Flik and Compass. In relevant part, Defendants operate on-site food services for corporate offices and various other locations, known as "cost centers." Plaintiff Clarke was employed in a food service capacity by Defendants from 2013 to 2016. For most of that time, Clarke worked at Defendants' Bayer Whippany cost center. The Complaint filed by Clarke alleged that Defendants were aware that he and other food service employees at cost centers throughout the United States were working during times that their work was not being recorded, that is, were working "off the clock." The crux of this action is that Defendants have allegedly failed to pay Clarke and other food service employees for off-the-clock work, in violation of the FLSA, which mandates that employers pay employees for all hours worked, including a "time-and-one-half" overtime premium for all hours worked over 40 hours in one workweek. 29 U.S.C. §§ 206-207.

Thereafter, Clarke filed a motion seeking conditional certification of a nationwide class under FLSA § 216(b). For reasons set forth at length in the Court's August 16, 2018 Opinion, the Court found that Clarke had failed to demonstrate that he and other Flik/Compass food service workers in the hundreds of cost centers across the country were similarly situated. Instead, the Court granted conditional certification to a collective consisting only of food service workers

employed at Defendants' Bayer Whippany cost center. Counsel for Plaintiffs disseminated the Court-approved notice of this collective action, and a total of six individuals opted to join the case as Plaintiffs.

For over two years, the parties engaged in contentious litigation over the following factual dispute: Plaintiffs allege that they have worked as much as one hour before and one hour after their scheduled shifts, setting up their stations and preparing for the day and/or cleaning the kitchen and stocking the café. They also allege that they performed work during their 30-minute unpaid meal break. Defendants deny these allegations, asserting that all time worked by Plaintiffs has been properly tracked and recorded and that Plaintiffs were not deprived of any wages.

Turning, then, to the instant motion for approval of the settlement, the Court has reviewed the Settlement Agreement submitted by the parties. (See Mot., Ex. 1.) It negotiates a gross settlement amount of $55,000.00 to resolve any and all wage and hour claims that were asserted, or could have been asserted, against Defendants by named Plaintiff Clarke and the six opt-in Plaintiffs. The total settlement amount is comprised of the following: $32,435.00 to Plaintiffs as damages and lost wages; $19,000.00 as attorneys' fees to Plaintiffs' counsel; and $3,565.00 as reimbursement costs incurred by Plaintiffs' counsel.

Although the Third Circuit has not adopted a standard for evaluating the settlement of a FLSA action, district courts within the Third Circuit have followed the guidance set forth by the Eleventh Circuit in Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982); see also Bettger, 2015 WL 279754 at *3 ("In the absence of guidance from the Third Circuit, courts have routinely employed the considerations set forth by the Eleventh Circuit in *Lynn' s Food Stores*, 679 F.2d 1350, to evaluate proposed settlement agreements."). Lynn's

Food Stores instructs that, to approve a settlement under FLSA § 216(b), a district court must determine that the matter concerns a bona fide dispute and that the settlement is a "fair and reasonable resolution" of the FLSA claims. Lynn's Food Stores, 679 F.2d at 1355; see also Cruz v. JMC Holdings, Ltd., No. 16-9321, 2019 WL 4745284, at *3 and n.3 (D.N.J. Sept. 30, 2019) (applying the standard articulated by Lynn's Food Stores to evaluate a proposed FLSA settlement agreement).

For the reasons that follow, that Court finds that the settlement reached by the parties to this action satisfies the standard for approval.

As to the threshold question of whether the action concerns a bona fide dispute under the FLSA, the Court must inquire whether the settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute" or whether it concerns some issue falling outside of an adversarial context between employer and employees, such as a "mere waiver of statutory rights brought about the an employer's overreaching." Lynn's Food Stores, 679 F.2d at 1354. In other words, to constitute a bona fide dispute, the matter resolved by the settlement under review must present contested factual issues, not purely legal issues concerning the FLSA's applicability. See Brumley v. Camin Cargo Control, Inc., No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012). In this case, it is clear that the parties have been engaged in a bona fide factual dispute about whether, in the course of their employment by Defendants, Plaintiffs performed work which they could not record and have thus been unlawfully deprived of wages by Defendants. Specifically, Plaintiffs allege that they performed pre- and post-shift work, as well as work during scheduled meal breaks, but were not permitted to clock in for this time and thus were not compensated for all the time they worked, in violation of the FLSA. They further claim that Defendants were aware of

the off-the-clock work. Defendants deny that unpaid work occurred and further deny that time worked by Plaintiffs was not properly tracked. Defendants maintain that Plaintiffs were properly paid for all of the work they performed. These factual and legal issues were litigated for over two years, during which the parties engaged in significant discovery and contested motion practice. The issues remained in dispute and subject to further litigation, avoided only by the amicable resolution reached after arms-length negotiations.

Next, the Court must consider whether the settlement reached by the parties is fair and reasonable. Courts in the Third Circuit break this analysis down into two parts: "(1) whether the compromise is fair and reasonable to the employee; and (2) whether the compromise otherwise frustrates the implementation of the FLSA." Gabrielyan v. S.O. Rose Apartments LLC, No. 15-1771, 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015). As to the first matter, the Court follows the practice of district courts and applies the Girsh factors, established for use in the Rule 23 class action context, to evaluate the fairness of the FLSA collective action settlement. Brumley, 2012 WL 1019337 at *4. The Girsh factors are as follows:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risks of establishing damages; (6) risks of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Id. (quoting Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975).

The Court finds that these factors weigh decidedly in favor of approving the settlement as fair and reasonable. The parties have agreed that, of the gross settlement figure of $55,000.00, $32,435.00 is allocated to compensating Plaintiffs for their allegedly unpaid wages. This figure falls slightly below the median of the range of maximum compensatory damages, as calculated

by Plaintiffs. The Settlement Agreement provides for a pro rata division of damages to the seven Plaintiffs based on number of weeks worked during the relevant period and on the applicable hourly wage. Both Plaintiffs and Defendants recognize that continuing with litigation carries risks for either side in proving or defending against the claims. There is no question that the settlement was reached after years of hotly contested litigation, including motion practice and substantial discovery. The settlement amount before the Court reflects the uncertainty of future litigation and reasonably provides Plaintiffs with approximately 50% of the maximum compensatory damages owed on their claims.

The attorneys' fee component of the settlement is also fair and reasonable. The FLSA entitles counsel to reasonable attorneys' fees for their representation of employees in a collective action. 29 U.S.C. § 216(b). "To determine the reasonableness of an attorneys' fee award in a FLSA collective action, judicial review is required 'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Brumley, 2012 WL 1019337 at *9 (quoting Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009)). In the Third Circuit, courts predominantly use a percentage-of-recovery method to assess attorneys' fees in wage and hour cases where a common fund is established. Id. The proposed settlement of this FLSA action provides for $19,000.00 in attorneys' fees, which represents 34% of the settlement value. This fee award falls well within the range of amounts typically approved as reasonable by courts in the Third Circuit. See, e.g., Demmick v. Cellco P'ship, No. 06-2163, 2015 WL 13646311, at *3 (D.N.J. May 1, 2015) ("The Third Circuit has noted with approval percentage-of-recovery attorneys' fee awards which range from as little as 19% of the recovery to as much as 45% of the recovery."); Lincoln Adventures LLC v. Those Certain Underwriters at Lloyd's, London Members, No. 08-235, 2019 WL

4877563, at *6 (D.N.J. Oct. 3, 2019) ("Courts in the Third Circuit, including this one, have viewed fee percentages of 33% as reasonable."). Counsel for Plaintiffs have expended significant time and effort drafting pleadings and other documents, engaging in discovery, preparing motions and generally participating in the many tasks attendant to zealous legal representation. The attorneys' fee portion of the settlement also takes into account the risks of continuing with litigation and the possibility of failing to obtain any recovery at all for Plaintiffs. Moreover, the fee amount requested here crosschecks with the lodestar method of calculating an attorneys' fee award. "The crosscheck is performed by dividing the proposed fee award by the lodestar calculation, resulting in a lodestar multiplier." In re AT & T Corp. Sec. Litig., 455 F.3d 160, 164 (3d Cir. 2006). Plaintiffs' counsel has demonstrated that they have performed work resulting in a lodestar of $188,015.00, meaning that the attorneys' fee negotiated in this settlement represents approximately 10% of the lodestar. This crosscheck reinforces the reasonableness of the award. Additionally, the Court finds that the requested reimbursement of costs in the amount of $3,565.00, incurred over the course of over two years of litigation, is also fair and reasonable.

Finally, turning to the question of whether the settlement frustrates the implementation of the FLSA, the Court finds that it does not. Indicia of a compromise which runs counter to the FLSA's purpose of protecting workers include restrictive confidentiality clauses and overly broad release provisions. See, e.g., Brumley, 2012 WL 1019337, at *2 (noting that settlements that place "constraints on employees beyond their full compensation under the FLSA" such as barring FLSA plaintiffs from informing fellow employees of the result obtained diminish the benefit to the plaintiffs and frustrate the FLSA's purpose); Mabry v. Hildebrandt, No. 14-5525, 2015 WL 5025810, at *2-3 (E.D. Pa. Aug. 24, 2015) (rejecting confidentiality provision in a settlement of FLSA claims as "unnecessarily restrictive" and counter to the FLSA's purpose of

correcting imbalances of power and information between employers and their employees). The Settlement Agreement before the Court does not include a confidentiality provision, and the release which Plaintiffs have agreed to give in exchange for the payment by Defendants is properly tailored to matters "related to Plaintiffs' wages or hours during his/her employment with Defendants or any agreement concerning wages or hours during such employment or the termination of such employment." (Mot. Ex. 1, Settlement Agreement, ¶ 4.)

Therefore, for the reasons discussed, the Court will grant the parties' joint motion for approval of the settlement in this FLSA collective action brought pursuant to 29 U.S.C. § 216(b). An appropriate Order will be filed.

   s/ Stanley R. Chesler   <br>
STANLEY R. CHESLER<br>
United States District Judge

Dated: February 14, 2020